# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | |
|---|---|
| VERNIST MCCRANEY, ) | |
| ) | |
| ADC # 138122 ) | **Case No. 5:10-CV-00293 JLH-JTK** |
|     Petitioner, ) | |
| v. ) | |
| ) | |
| RAY HOBBS, Director, Arkansas ) | |
| Department of Correction ) | |
|     Respondent. ) | |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Vernist McCraney on September 29, 2010. (Doc. No. 1).  A response was filed by Respondent Ray Hobbs on November 3, 2010. (Doc. No. 6).  Petitioner filed a reply on May 16, 2011. (Doc. No. 10).  After reviewing the Parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

Petitioner was convicted of delivery of a controlled substance in the Cleveland County (Arkansas) Circuit Court on January 31, 2007. (Pet. 1, Doc. No. 1).  His sentence was enhanced by 120 consecutive months because it took place within 1000 feet of a church, and this resulted in a total sentence of 264 months in the Arkansas Department of Correction (ADC).  Petitioner subsequently filed a direct appeal arguing that there was insufficient evidence to support the

conviction. The Arkansas Court of Appeals affirmed the lower court's decision on November 14, 2007. *McCraney v. State*, CACR 07-396, 2007 WL 3360023 (Ark. App. Nov. 14, 2007). A mandate was issued on December 4, 2007.

On January 10, 2008, Petitioner filed a petition pursuant to Ark. R. Crim. P. 37.1 in the Cleveland County Circuit Court. That petition argued ineffective assistance of counsel at trial due to counsel's failure to: seek a continuance, conduct a proper investigation in response to the last-minute inclusion of the enhancement, relay a plea offer, present a defense, and allow Petitioner to testify. After holding a hearing, the trial court denied the Rule 37 petition on April 22, 2008. Petitioner filed a notice of appeal on June 27, 2008. On appeal, Petitioner argued ineffective assistance of counsel due to counsel's failure to address enhancement and his refusal to allow Petitioner to testify. Petitioner also raised the following new arguments on appeal: 1) he received ineffective assistance of counsel due to counsel's failure to pursue certain lines of questioning and 2) his Fifth Amendment rights were violated when counsel refused to allow him to testify. *McCraney v. State*, CR 08-01114, 2010 Ark. 96 (2010). The Arkansas Supreme Court refused to consider these new arguments because they had not previously been raised.[1] The Arkansas Supreme Court affirmed the denial of Rule 37 relief on February 25, 2010. The mandate issued on March 17, 2010. Respondent admits that Petitioner is currently in his custody and that there are currently no non-futile state remedies available.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254 based on ineffective assistance of counsel for the following reasons: 1) counsel failed to meet and discuss plea bargains with Petitioner prior to trial; 2) counsel failed to perform an investigation or present a defense, and he

---

[1] Petitioner had not couched the second argument in terms of the Fifth Amendment at the trial level.

refused to allow Petitioner to testify; and 3) counsel failed to prepare for trial or provide a defense due to his illegal drug addiction. Petitioner also alleges that the jury was improperly influenced by an outside person during deliberations. Respondent argues that Petitioner's claims are time-barred, procedurally-barred, and that he has failed to demonstrate that the state court decisions were unreasonable.

**I.      Whether the Petition is Time-Barred**

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The starting date for limitations purposes was December 4, 2007, because December 3, 2007,[2] was the last date Petitioner could have sought review from the Arkansas Supreme Court.[3] Although the limitations period began to run on December 4, 2007,[4] it was tolled thirty-seven (37) days later when Petitioner filed his Rule 37 petition on January 10, 2008. 28 U.S.C. § 2244(d)(2).

As noted above, the trial court denied the Rule 37 petition on April 22, 2008, and Petitioner did not file his notice of appeal until sixty-six (66) days later on June 27, 2008. Under

---

[2] Ar. Sup. Ct. R. 2-4(a) ("A petition to the Supreme Court for review of a decision of the Court of Appeals must be in writing and must be filed within 18 calendar days from the date of the decision . . . ."). Eighteen days would have actually concluded on December 2, 2007, but this was a Sunday.

[3] *Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."); *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (noting *Gonzalez*'s abrogation of *Riddle v. Kenma*, 523 F.3d 850 (8th Cir. 2008), which held that the relevant starting date for limitations purposes was the date that the mandate was issued). The Arkansas Court of Appeals issued its mandate on the relevant date, so these dates are the same.

[4] "The time between the date direct review of a conviction is completed and the date an application for state post-conviction relief is filed does not toll the AEDPA one-year statute of limitations." *Runyan v. Burt*, 521 F.3d 942, 944 (8th Cir. 2008).

4

Arkansas law, such appeals are generally required to be filed within thirty (30) days of the date the order is entered. Ark. R. App. P.—Crim. 2(a)(4).  Respondent contends that Petitioner's action is time-barred because he failed to comply with the applicable rules, and only a "properly filed application for State post-conviction" review can toll the limitations period. 28 U.S.C. § 2244(d)(1)(A).  Under Respondent's view, the limitations period began to run again on April 22, 2008, until it ended 330 days later on March 18, 2009.  However, Petitioner argues that the limitations period did not resume until after the Arkansas Supreme Court's decision because it was decided on the merits rather than dismissed as untimely.[5]

The fact that his appeal was decided on the merits means little because "the Supreme Court has . . . instructed federal courts to determine independently whether state court proceedings are timely, even if the state courts treat them as such." *Lewis v. Norris*, 454 F.3d 778, 780 (8th Cir. 2006) (citing *Evans v. Chavis*, 546 U.S. 189 (2006)).  The Supreme Court has explained that there are any number of reasons that a state court might address the merits of untimely petitions, "for instance, where the merits present no difficult issue; where the court wants to give a reviewing court alternative grounds for decision; or where the court wishes to show a prisoner . . . that it was not merely a procedural technicality that precluded him from obtaining relief." *Carey v. Saffold*, 536 U.S. 214, 225-26 (2002).  The Eighth Circuit has routinely remanded or affirmed decisions based on lower courts' application of *Evans* and *Saffold*. *See Runyan v. Burt*, 521 F.3d 942 (8th Cir. 2008); *Lewis*, 454 F.3d 778; *Walker v. Norris*, 436 F.3d 1026 (8th Cir. 2006).  This is because "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of

---

[5] Petitioner also argues that the statute of limitations did not resume until the eighteen-month period for filing a belated appeal expired. Ark. R. App. P.—Crim. 2(e).

individualized hardship supplant the rules of clearly drafted statutes." *Runyan*, 521 F.3d at 946 (quoting *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001)).

Although precedent would appear to indicate that the present action is time-barred, there are two reasons that lead this Court to believe that this is not the case. First, the appellate decision began by stating that "appellant has timely filed the instant appeal." *McCraney v. State*, CR 08-01114, 2010 Ark. 96 (2010). Although this language could certainly have been dicta, it appears to be a "clear indication that a particular request for appellate review was timely or untimely." *Evans*, 546 U.S. at 198. Second, adopting Respondent's view would require taking a position on an issue that the Eighth Circuit has specifically declined to address on at least two occasions. Namely, "whether the one-year period for filing a federal habeas petition should be tolled during the eighteen months a petitioner could file a belated appeal under Arkansas Criminal Appellate Rule 2(e)." *Lewis*, 454 F.3d at 780; *see also Wright v. Norris*, 299 F.3d 926, 928 (8th Cir. 2002). Petitioner filed his late appeal within the eighteen months anticipated under Arkansas's rules, and it is unclear whether such belated motions are "part of the 'ordinary appellate review procedure' under state law." *Wright*, 299 F.3d at 928 n.3. Given the uncertainty regarding the proper application of Arkansas's rules, the Court believes it best to adopt the Arkansas Supreme Court's statement regarding the timeliness of Petitioner's Rule 37 appeal as dispositive. Thus, the Court finds that the present action is not time-barred.

## II. Whether Petitioner's Claims are Procedurally-Barred

Respondent argues that Petitioner's first, third, and fourth grounds for relief are procedurally-barred. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v.*

*Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner's first ground for relief is that he received ineffective assistance of counsel due to his attorney's failure to meet with him and discuss plea bargains prior to trial. It does not appear that Petitioner ever filed a motion for a new trial or raised this argument during his direct appeal. *Rackley v. State*, 267 S.W.3d 578, 581 (Ark. 2007) ("[A]n ineffective-assistance argument can be raised on direct appeal, but it may only be done if 1) the issue was first raised during trial or in a motion for new trial, and 2) the facts and circumstances were fully developed either during trial or during other hearings . . . ."). In such circumstances, the "proper remedy to challenge the adequacy of an attorney's representation is a petition for postconviction relief" under Rule 37. *Carrier v. State*, 647 S.W.2d 449, 450 (Ark. 1983). Although Petitioner did present this argument in his initial Rule 37 petition,[6] he failed to include it in his appeal. Thus,

---

[6] The trial court rejected this claim, in part, because both Petitioner's trial counsel and the prosecutor testified that there was no plea offer ever made. (Resp. Ex. 3 at 21-22, Doc. No. 6).

Petitioner failed to properly exhaust his remedies, and his procedural default prevents any federal consideration of this claim.

The third ground for relief argues that Petitioner's trial counsel failed to provide a defense due to his illegal-drug addiction.[7] It appears that this is the first time Petitioner has made any arguments regarding trial counsel's use of illegal drugs. "[W]e require habeas petitioners to present to the state courts 'the same specific claims of ineffective assistance made out in the habeas petition.'" *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995) (quoting *Tippitt v. Lockhart*, 903 F.2d 552, 554 (8th Cir. 1990)). "The federal claim cannot contain significant additional facts such that the claim was not fairly presented to the state court . . . ." *Anderson v. Groose*, 106 F.3d 242, 245 (8th Cir. 1997) (quoting *Kenley v. Armontrout*, 937 F.2d 1298, 1302-03 (8th Cir. 1991)) (internal quotations omitted). Petitioner offers no explanation for why this particular argument was not brought before the state courts. Thus, Petitioner failed to properly exhaust his remedies, and his procedural default prevents any federal consideration of this claim.[8]

Petitioner's fourth ground for relief alleges that the jury was improperly influenced by an outside person during deliberations. This argument was not made in any form at the state level, and Petitioner is procedurally-barred from presenting this claim. *See Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) ("If a petitioner has not presented his habeas corpus claim

---

[7] Counsel appears to have had a significant history of being reprimanded and suspended by the Arkansas Supreme Court. (Pet., Ex. C). Although it is unclear whether these disciplinary actions resulted from counsel's alleged drug addiction, he was ordered to participate in the Arkansas Lawyers' Assistance Program in April of 2004. *Id.* Counsel's license was also surrendered in May of 2008, five months after Petitioner's conviction. *Id.*

[8] Petitioner also fails to tie counsel's alleged drug use to his ineffective assistance of counsel. Even if it is assumed that counsel did provide ineffective assistance of counsel, there is nothing to indicate that this was causally connected to his alleged drug problem.

8

to the state court, the claim is generally defaulted.").

Because Petitioner's claims were defaulted in state court, federal habeas review of these claims is barred unless he can show cause for the defaults and actual prejudice as a result of the alleged constitutional violations, or demonstrate that failure to consider these claims will result in a fundamental miscarriage of justice. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011). Although Petitioner alludes to cause and prejudice, he never actually "demonstrate[s] cause for the default[s] and actual prejudice as a result of the alleged violation[s] of federal law." *Coleman*, 501 U.S. at 750; Pet'r's Reply 2-5, Doc. No. 10. "To fall within the fundamental-miscarriage-of-justice exception, 'a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy*, 652 F.3d at 850 (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)). However, there is no such evidence; the only evidence mentioned by Petitioner is the alibi testimony from himself and his parents that was not presented at trial. Accordingly, Petitioner has failed to demonstrate why the Court can review these claims.

### III. Whether State Court's Decision Was Unreasonable

The only remaining avenue for relief is Petitioner's claim that he received ineffective assistance of counsel because counsel failed to properly investigate his case[9] and he refused to allow Petitioner to testify. This argument was properly presented to the state courts, and it was adjudicated on the merits. Respondent contends that Petitioner has failed to show the adjudication either resulted in a decision that was: 1) "contrary to, or involved an unreasonable

---

[9] Respondent noted that the petition does not specify what counsel failed to investigate and that the only such claim that would not be procedurally defaulted would be counsel's failure to investigate the enhancement from being within 1000 feet of a church. The Court presumes this was Petitioner's intended claim because Petitioner's reply only discusses counsel's failure to investigate the enhancement.

9

application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d).

"An ineffective assistance of counsel claim is a mixed question of law and fact." *McReynolds v. Kemna*, 208 F.3d 721, 723 (8th Cir. 2000) (citing *Parkus v. Bowersox*, 157 F.3d 1136, 1138 (8th Cir. 1998)). To "prevail on his ineffective assistance of counsel claim, [Petitioner] must show that counsel's performance was deficient and that he was prejudiced by that deficient performance. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Counsel's performance was deficient if it fell 'outside the wide range of professionally competent assistance.'" *Sherron v. Norris*, 69 F.3d 285, 290 (8th Cir. 1995) (quoting *Strickland*, 466 U.S. at 690).

Petitioner offers few details regarding trial counsel's failure to investigate beyond claiming that "it is highly likely that if counsel had correctly investigated and moved to dismiss the enhancement that the defense would have been successful and [Petitioner] would not have been prejudiced." (Pet'r's Reply 5, Doc. No. 10). Although the enhancement was not added until the day before trial, the Arkansas Supreme Court found that counsel's decision not to seek a continuance was a tactical decision, which was supported by reasonable professional judgment. *McCraney v. State*, CR 08-01114, 2010 Ark. 96 (2010). This conclusion was based, in part, on counsel's testimony that there was no need for additional trial preparation because the only issue was the distance from the church. The Arkansas Supreme Court's decision was also partially based on the following findings made by the trial court:

> that trial counsel did not believe the officer would commit perjury regarding the distance, that the distance was well under 1,000 feet [(355 feet)], that appellant's sole defense at trial was that he was not at the scene and did not commit the

10

>crime, and that nothing in the record suggests that the outcome would have been different had a continuance been granted and an investigation performed.

*Id.* Petitioner failed to "describe how a more searching pretrial investigation would have changed the result of his trial" during his Rule 37 appeal. *Id.* Petitioner has failed to include such a description in the present action; he merely contends that the officer's memory concerning the distance was unreliable, rather than incorrect. "[T]rial strategy decisions, if reasonable at the time, cannot support an ineffective-assistance claim 'even if, in hindsight, better choices could have been made.'" *Francis v. Miller*, 557 F.3d 894, 900-01 (8th Cir. 2009) (quoting *Francis v. State*, 183 S.W.3d 288, 298 (Mo. Ct. App. 2005)). The Court sees no basis for concluding that the Arkansas Supreme Court unreasonably applied the relevant law or that there was any unreasonable determination of the facts.

The second half of Petitioner's ineffective assistance of counsel claim is based on trial counsel's insistence that Petitioner not testify regarding his alibi. Counsel also allegedly insisted that Petitioner's parents not offer corroborating testimony.[10] During the Rule 37 hearing, counsel testified "that [at the time] appellant claimed to have been in the woods with his hunting dogs at the time of the sale and that appellant readily admitted that he had no witnesses to support this claim." *McCraney*, 2010 Ark. 96. Further, counsel testified that Petitioner was advised against testifying because he had a distinctive voice that would easily be recognized on the police audio tape. (Resp. Ex. 3 at 23). In affirming the denial of Petitioner's Rule 37 motion, the Arkansas Supreme Court adopted the trial court's findings "that appellant knew of his right to testify, that he knowingly waived that right based on advice from counsel, and that any argument based on which alibi trial counsel should have used was a tactic or strategy outside the

---

[10] Petitioner alleges that he would have testified that he was watching his children at the time of the controlled drug buy. The trial court noted that no one offered any testimony that they would have corroborated Petitioner's alibi if they had been called as a witness. (Resp. Ex. 3 at 23).

11

purview of Rule 37.1." *McCraney*, 2010 Ark. 96. Given the Arkansas Supreme Court's reasonable application of the law and facts, there is no basis for disturbing the decision under 28 U.S.C. 2254(d).

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

SO ORDERED this 16th day of April, 2012.

_____
United States Magistrate Judge