**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

VERNIST MCCRANEY                                                                                    PLAINTIFF
ADC #138122

v.                                            NO. 5:10CV00293 JLH-JTK

RAY HOBBS, Director, Arkansas
Department of Correction                                                                         DEFENDANT

**ORDER**

Vernist McCraney filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking post conviction relief from confinement in the custody of the Arkansas Department of Corrections resulting from a prison sentence imposed by the Arkansas state courts for delivery of a controlled substance. In his petition, McCraney contended that he was deprived of the effective assistance of counsel at his trial for the following reasons: (1) his lawyer counsel failed to meet and discuss plea bargains with him prior to trial; (2) his lawyer failed to perform an investigation or present a defense, and refused to allow McCraney to testify; and (3) his lawyer failed to prepare for trial or provide a defense due to his illegal drug addiction. McCraney also alleged that the jury was improperly influenced by an outside person during deliberations.

Ray Hobbs, the Director of the Arkansas Department of Correction and defendant in this action, filed a response to McCraney's habeas petition. Hobbs argued that McCraney's claims were time barred and procedurally barred, and that he failed to demonstrate that the state court decisions were unreasonable. McCraney filed a reply.

After considering these fillings, United States Magistrate Judge Jerome T. Kearney entered proposed findings and recommendations. Magistrate Judge Kearney concluded that McCraney's ineffective assistance of counsel claims premised on his lawyer's failure to discuss plea bargains with

him and his lawyer's failure to prepare for trial or provide a defense because of his drug addiction, as well as McCraney's claim that the jury was improperly influenced by an outside person during deliberations, were procedurally barred because McCraney failed to exhaust his state court remedies. Additionally, Magistrate Judge Kearney found that the state courts' rulings on McCraney's other claims were reasonable and, pursuant to 28 U.S.C. § 2254(d), could not be disturbed. Therefore, Magistrate Judge Kearney recommended that McCraney's habeas petition be dismissed with prejudice.

McCraney has filed a response to the proposed findings and recommendations wherein he raises a single objection. McCraney concedes that he did not raise his ineffective assistance of counsel claim, based on his trial lawyer's addiction to illegal drugs, prior to filing the instant habeas petition. However, McCraney contends that this claim should not be procedurally barred because he did not learn of his trial lawyer's drug addiction until after he had exhausted his state law remedies.[1]

The Court must "make a de novo determination of those portions of the [magistrate judge's] proposed findings or recommendations to which" McCraney objects. 28 U.S.C. § 636(b)(1)(C). Therefore, having reviewed Magistrate Judge Kearney's proposed findings and recommendations as well as the parties' filings and exhibits, and having found no error, the Court adopts the proposed findings and recommendations with respect to those matters to which McCraney has not objected. *See United States v. Robinson*, 253 F.3d 1065, 1068 (8th Cir. 2001) ("[W]hen a party fails to object to the findings set forth in the magistrate judge's report and recommendation . . . we subsequently review those findings for plain error."); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (The

---

[1] Because Hobbs conceded "that there currently are no non-futile state remedies available to" McCraney, the Court need not consider whether McCraney should have sought relief regarding his allegedly newly discovered evidence from the Arkansas state courts.

petitioner's "failure to file any objections waived his right to de novo review by the district court of any portion of the report and recommendation of the magistrate judge[.]"). As noted, McCraney's single objection is to "the Magistrate's finding that Petitioner's claim that former trial counsel . . . was ineffective due to his illegal drug addiction is precluded from federal consideration." Following a de novo review, the Court concludes that McCraney is procedurally barred from asserting this ineffective assistance claim in the instant habeas petition and, moreover, that this claim fails on the merits.

Pursuant to Eighth Circuit and Supreme Court precedent, it is well-established that:

> "In all cases in which a state prisoner has defaulted his federal claims in state court . . . federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

*Murphy v. King*, 652 F.3d 845, 849 (8th Cir. 2011). In Arkansas, an ineffective assistance of counsel argument may be brought either on direct appeal in certain circumstances, *see Rackley v. State*, 371 Ark. 438, 441-42, 267 S.W.3d 578, 581 (2007), or in a petition for post conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure, *see Carrier v. State*, 278 Ark. 542, 543, 647 S.W.2d 449, 450 (1983) (per curiam). Furthermore, "habeas petitioners [must] present to the state courts 'the same specific claims of ineffective assistance made out in the habeas petition.' " *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995) (quoting *Tippitt v. Lockhart*, 903 F.2d 552, 554 (8th Cir. 1990)). Thus, "the federal claim cannot contain 'significant additional facts such that the claim was not fairly presented to the state court[.]' " *Anderson v. Groose*, 106 F.3d 242, 245 (8th Cir. 1997) (quoting *Kenley v. Armontrout*, 937 F.2d 1298, 1302-03 (8th Cir. 1991)).

Assuming that McCraney's lack of knowledge about his trial lawyer's drug addiction constitutes cause, he nevertheless cannot demonstrate actual prejudice. "To demonstrate procedural bar prejudice, [McCraney] 'must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.' " *Armstrong v. Kemna*, 590 F.3d 592, 606 (8th Cir. 2010) (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 1596, 71 L. Ed. 2d 816 (1982)). The standard for prejudice in the procedural bar context is either the same as or higher than the standard for prejudice under *Strickland*. *Compare Armstrong*, 590 F.3d at 606 (quoting *Charron v. Gammon*, 69 F.3d 851, 858 (8th Cir. 1995)), *with Clemons v. Luebbers*, 381 F.3d 744, 752-53 (8th Cir. 2004). To show prejudice under *Strickland*, McCraney must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Armstrong*, 590 F.3d at 595-96 (internal quotation marks and citations omitted).

In his objection to Magistrate Judge Kearney's proposed findings and recommendations, McCraney points to only one instance at his trial where he believes his trial lawyer's drug addiction affected his counsel's performance at trial. Specifically, McCraney contends that his trial lawyer should have objected to a sentencing enhancement of 120 months incarceration imposed pursuant to state law and added by amendment to the information the day before trial.

The Arkansas Supreme Court addressed this issue and held that McCraney's trial lawyer's failure to investigate and move to dismiss the enhancement was not ineffective assistance. The Arkansas Supreme Court based its holding on McCraney's trial lawyer's testimony that he "considered asking for a continuance, but that, in his opinion, a continuance was not needed as there

4

was no additional trial preparation to be done because the only issue was whether the sale occurred within 1,000 feet of the church." *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144, 148 (2010). Later, the Supreme Court noted

> the trial court found only that trial counsel did not believe the officer would commit perjury regarding the distance, that the distance was well under 1,000 feet, that appellant's sole defense at trial was that he was not at the scene and did not commit the crime, and that nothing in the record suggests that the outcome would have been different had a continuance been granted and an investigation performed.

*Id.* at 149. The Supreme Court concluded that McCraney's trial lawyer's tactical decision to proceed with trial was supported by reasonable judgment in light of the fact that "trial counsel testified that he spoke to the investigating officer and had no reason to believe that the officer was lying about the distance between the location of the sale and the church, thus counsel felt no need to go to the scene and re-measure the distance personally." *Id.* On this record, the Court cannot say that the Arkansas Supreme Court's determination was unreasonable. *See Tunstall v. Hopkins*, 306 F.3d 601, 606 (8th Cir. 2002) (" '[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.' ") (quoting *Strickland v. Washington*, 466 U.S. 668, 690-91, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984)).[2] Otherwise, McCraney "concedes that he cannot state specific instances

---

[2] Similarly, for the reasons ably articulated by Magistrate Judge Kearney in his proposed findings and recommendations, the Arkansas Supreme Court reasonably concluded that McCraney's trial lawyer was not ineffective for insisting that McCraney not testify regarding a proposed alibi—a matter that McCraney does not raise in his objection. Finally, the state trial court reasonably rejected McCraney's contention that his trial lawyer was inadequate for failing to discuss plea bargains with him—again, an issue that McCraney does not raise in his objection. McCraney's trial lawyer and the prosecutor both testified that McCraney rejected the plea deal which the prosecutor did offer and that the prosecutor never offered the plea deal about which McCraney claims he was not informed. *See* Document #6-3.

that occurred during trial that would raise a causal connection between counsel's drug use and his performance."

Because McCraney has failed to identify conduct on the part of his trial lawyer that constituted ineffective assistance, he cannot show that his trial lawyer's alleged drug addiction caused any ineffective assistance.[3] *See, e.g., United States v. Walker*, 210 F.3d 373 (6th Cir. 2000); *Bonin v. Calderon*, 59 F.3d 815, 838 (9th Cir. 1995); *Kelly v. United States*, 820 F.2d 1173, 1176 (11th Cir. 1987); *Berry v. King*, 765 F.2d 451, 454 (5th Cir. 1985); *Freeman v. Trombley*, 744 F. Supp. 2d, 697, 707-08 (E.D. Mich. 2010); *Moore v. Florida*, No. 2:07CV80, 2010 WL 3833953, at *11 (M.D. Fla. Sept. 28, 2010). It necessarily follows that McCraney cannot "establish sufficient prejudice to overcome his procedural default." *Armstrong*, 590 F.3d at 606.

McCraney has not alleged that his trial lawyer was actually under the influence of illegal substances during the trial.[4] Had McCraney's lawyer been under the influence during trial, that might give rise to a presumption of prejudice. *See*, *e.g.*, *Burdine v. Johnson*, 262 F.3d 336, 349 (5th Cir. 2001) (en banc) (Where defense counsel was asleep during a substantial portion of [defendant]'s trial, a determination of per se prejudice was appropriate because "[u]nconscious counsel does not analyze, object, listen or in any way exercise judgment on behalf of a client[.]"); *accord Tippins v. Walker*, 77 F.3d 682 (2d Cir. 1996); *Javor v. United States*, 724 F.2d 831, 833 (9th Cir. 1984) (unconscious or

---

[3] McCraney requests a hearing to "subpoena former counsel and other vital witnesses to establish such facts that would give rise . . . to [his] claim of ineffective assistance of counsel due to an addiction to illegal drugs." However, because McCraney cannot point to any conduct on the part of his trial counsel constituting ineffective assistance, it is unnecessary to inquire into the nature of his trial counsel's alleged drug use outside of the courtroom.

[4] If so, McCraney should have known of the basis for his claim of ineffective assistance of counsel well before 2010 based on his personal observations at trial.

sleeping counsel is equivalent to no counsel at all); *see also State v. Keller*, 57 N.D. 645, 223 N.W. 698 (1929) (defendant entitled to a new trial on grounds that counsel was intoxicated during trial).

Finally, for the reasons given in Magistrate Judge Kearney's proposed findings and recommendations, McCraney cannot satisfy the requirements of the fundamental-miscarriage-of-justice exception. *See Oglesby v. Bowersox*, 592 F.3d 922, 926 (8th Cir. 2010) ("To meet this exception, 'a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.' ") (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

For the foregoing reasons, McCraney has failed to show prejudice resulting from his trial lawyer's addiction to illegal drugs, so he can neither overcome the procedural bar to this claim nor meet the *Strickland* standard for proving ineffective assistance of counsel. McCraney also has failed to show that his sentence, or this Court's refusal to consider his petition, constitutes a fundamental miscarriage of justice. In all other respects, the Court adopts the proposed findings and recommendations of Magistrate Judge Kearney.

When entering a final order adverse to a habeas corpus petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U .S.C. § 2253(c)(1)-(2). A certificate of appealability can be granted only if a reasonable jurist could find the district court ruling on the constitutional claim debatable or wrong. *Winfield v. Roper*, 460 F.3d 1026, 1040 (8th Cir. 2006). A reasonable jurist might disagree with the Court's holding that McCraney's claim of ineffective assistance due to his trial lawyer's drug

addiction is procedurally barred and without merit due to his inability to show actual prejudice. Accordingly, a certificate of appealability is granted on that issue.

IT IS, THEREFORE, ORDERED that:

1. The Petition for Writ of Habeas Corpus is dismissed with prejudice. Document #1.

2. A certificate of appealability is granted on McCraney's claim of ineffective assistance of counsel due to his trial lawyer's drug addiction.

DATED this 21st day of May, 2012.

/s/ J. Leon Holmes
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE